UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSICA L. CHANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0449-CVE-TLW |
| | ) | |
| THE CITY OF TULSA and | ) | |
| RAY DRISKELL, Tulsa Fire Chief, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court are Defendant City of Tulsa's Motion to Dismiss with Brief in Support (Dkt. # 8) and Defendant Ray Driskell's Motion to Dismiss with Brief in Support (Dkt. # 9). Defendant City of Tulsa (the City) argues that plaintiff has not alleged that she exhausted her administrative remedies before filing a federal employment discrimination claim and that she has failed to comply with the procedural requirements of the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. (GTCA), before filing a tort claim against the City. Defendant Ray Driskell argues that he is not an "employer" as that term is defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and that plaintiff has failed to state a claim for intentional infliction of emotional distress.

**I.**

In October 2011, Jessica L. Chance applied for a job with the Tulsa Fire Department (TFD), and she took written and physical examinations beginning in November 2011. Dkt. # 2-1, at 4. She advanced to the fourth round of the application process and she was interviewed by Driskell. Id. Driskell told plaintiff to stand against a wall and he took her picture, and Driskell told Chance that

he was taking pictures of all of the applicants. Id. Chance claims that Driskell did not take pictures of any of the male applicants, and she claims that she was the only person who was photographed. Id. In August 2012, Chance was informed that she was not going to be hired by TFD. Id. She claims that Driskell had obtained nude photographs of Chance from a Tulsa Police Department (TPD) officer, and Driskell allegedly compared the nude photographs to the photograph he took of Chance. Id. The photographs were taken "within the confines of a previous relationship [plaintiff] had with the [TPD] Officer," and there are no allegations that Driskell asked the police officer to take the pictures. Id. Chance claims that she was more qualified than the male applicants who were hired by TFD, and she believes that she was subjected to an improper criteria for employment.

On July 7, 2014, Chance filed this case in Tulsa County District Court alleging a gender discrimination claim under Title VII (first claim for relief) and a claim of intentional infliction of emotional distress under Oklahoma law (second claim for relief). Defendants removed the case to this Court on the basis of federal question jurisdiction.

**II.**

The City asserts that the Court lacks jurisdiction over plaintiff's Title VII claim because plaintiff has not alleged that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and it argues that plaintiff's Title VII claim should be dismissed under Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power &

2

Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, the City has facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction over plaintiff's Title VII claim. In analyzing such a motion to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This is the same standard of review applied to motions arising under Fed. R. Civ. P. 12(b)(6). See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Both defendants assert that plaintiff has failed to state a claim upon which relief can be granted, and they ask the Court to dismiss plaintiff's intentional infliction of emotional distress claim under Rule 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.

3

Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado., 493 F.3d at 1215; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

The City argues that plaintiff has not alleged compliance with the jurisdiction requirements of Title VII and she did not comply with the notice provisions of the GTCA, and the City asks the Court to dismiss plaintiff's claims for lack of jurisdiction. If the Court finds that plaintiff's Title VII claim should not be dismissed, the City also asks the Court to dismiss plaintiff's demands for back pay, front pay, and punitive damages. Driskell argues that he cannot be held liable under Title VII because he is not an "employer," and he argues that plaintiff has failed to allege sufficient facts to state a claim of intentional infliction of emotional distress. Plaintiff agrees to dismiss her Title VII claim against Driskell and her intentional infliction of emotional distress claim against the City. Dkt. # 12, at 1 n.1; Dkt. # 13, at 1 n.1  However, she responds that she has exhausted her administrative remedies under Title VII and that she has adequately alleged an intentional infliction of emotional distress claim against Driskell.

**A.**

The City asks the Court to dismiss plaintiff's Title VII claim because she has failed to allege that that she exhausted her administrative remedies before filing suit. Plaintiff responds that she did file a charge of discrimination with the EEOC and the City participated in mediation during the administrative process, and she did exhaust her administrative remedies before filing suit even if this is not expressly alleged in plaintiff's petition. Plaintiff has attached to her a response a copy of her charge of discrimination and a right to sue letter issued by the EEOC. Dkt. # 13-1; Dkt. # 13-2. However, it is plaintiff's burden to allege sufficient facts in her petition to establish that the Court has subject matter jurisdiction over her claims, and a Title VII claim must be dismissed if a plaintiff fails to allege compliance with the jurisdictional requirements of Title VII. Williams v. California, 764 F.3d 1002, 1027 (9th Cir. 2014); Kinney v. Blue Dot Servs. of Kansas, 505 F. App'x 812 (10th Cir. Dec. 18, 2012);[1] Burnett v. City of Jacksonville, Florida, 376 F. App'x 905, *1 (11th Cir. Apr. 27, 2010). Even though plaintiff now claims that she did exhaust her administrative remedies, her petition contains no allegations concerning her compliance with the administrative requirements of Title VII. Plaintiff has not alleged that she exhausted her administrative remedies and her Title VII claim should be dismissed, but the Court will grant plaintiff leave to file an amended complaint realleging her Title VII claim.

The City also asks the Court to dismiss plaintiff's demands for back pay, front pay, and punitive damages, because the City asserts that plaintiff has not alleged sufficient facts to warrant

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

the award of equitable relief or punitive damages. In particular, the City argues that admission to the Fire Academy does not guarantee employment, and plaintiff has not alleged that she sought out other employment in an attempt to mitigate her damages. Dkt. # 8, at 11. Plaintiff responds that the parties have not had an opportunity to conduct discovery and it would be premature to limit the relief available to plaintiff at this stage of the case. The Court has reviewed plaintiff's petition and agrees with plaintiff that it would be premature to rule on the availability of certain types of relief. The City's arguments are heavily dependent on the resolution of factual issues that are disputed by the parties, and the parties should be permitted to conduct discovery before the Court rules on plaintiff's right to recover back pay, front pay, or punitive damages.

**B.**

Driskell argues that plaintiff has not adequately alleged a claim of intentional infliction of emotional distress, and Driskell asks the Court to dismiss plaintiff's intentional infliction of emotional distress claim. Plaintiff responds that she has alleged sufficient facts to state a claim of intentional infliction of emotional distress but, if the Court finds that the claim should be dismissed, she requests leave to file an amended complaint reasserting this claim with additional factual allegations.

Oklahoma courts have recognized a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). The action is governed by the narrow standards laid out in the Restatement Second of Torts, § 46. Id. In Breeden v. League Services Corp., 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

> regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Id. at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175 (Okla. 2008) (quoting Computer Publications, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." Trentadue v. United States, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law). If reasonable persons could reach differing conclusions in the assessment of the disputed facts, the Court should submit the claim to the jury to determine whether the defendant's conduct could result in liability. Id. The Court is to make a similar threshold determination with regard to the fourth prong, the presence of severe emotional distress. Id.

In cases arising out of the workplace, Oklahoma appellate courts have found that a defendant engaged in extreme and outrageous conduct only when that defendant intentionally and persistently engaged in a course of conduct that harmed the plaintiff. See Computer Publications, 49 P.3d at 736 (claim should have been submitted to a jury when plaintiff presented evidence that harassment lasted more than two years and caused plaintiff to quit her job, move, and repeatedly change phone numbers); Miner v. Mid-America Door Co., 68 P.3d 212 (Okla. Civ. App. 2002) (employer's alleged failure to reassign the plaintiff after learning of workplace harassment, even if unreasonable, was

7

not extreme and outrageous); Gabler v. Holder & Smith, Inc., 11 P.3d 1269 (Okla. Civ. App. 2000) (noting that workplace harassment rarely rises to the level of extreme and outrageous conduct); Mirzaie v. Smith Cogeneration, Inc., 962 P.2d 678 (Okla. Civ. App. 1998) (employer's conduct was not extreme and outrageous when, inter alia, the plaintiff's manager made derogatory sexual remarks about the plaintiff, woke plaintiff up in the middle of the night to do unnecessary work, and terminated him two hours before his wedding); Zahorsky v. Community Nat'l Bank of Alva, 883 P.2d 198 (Okla. Civ. App. 1994) (employer not liable for intentional infliction of emotional distress when an employee forced the plaintiff to have sex with him and employer failed to fire the employee, even though the employer allegedly knew about the conduct).

Plaintiff alleges that she applied for a position with TFD in October 2011, and she states that she passed several written and physical examinations. Dkt. # 2-1, at 4. She claims that she advanced to the fourth round of the examination process, and Driskell told plaintiff to pose for a picture. Id. She claims that male applicants were not subject to this requirement. Id. Plaintiff alleges that the photograph taken by Driskell was compared to nude photographs of plaintiff taken by a TPD officer. Id. Plaintiff was not hired by TFD and she believes that she was more qualified than male applicants who were hired by TFD. There are no allegations that TFD had any role in having the nude photographs taken or that TFD actively sought out the nude photographs of plaintiff. Instead, she claims that the photographs were taken by a TPD officer while she was having a romantic relationship with the TPD officer. Id. Plaintiff has alleged that she was denied employment based on an improper hiring requirement, but there was no pattern of abusive or discriminatory conduct by TFD that was intended to cause plaintiff emotional harm. Although the alleged conduct would have been improper, the conduct was not so extreme and outrageous that it

8

would give rise to liability for intentional infliction of emotional distress. The Court finds that plaintiff's allegations could not support an inference that Driskell engaged in extreme and outrageous conduct, and plaintiff's intentional infliction of emotional distress claim should be dismissed without allowing plaintiff leave to amend.

**IT IS THEREFORE ORDERED** that Defendant City of Tulsa's Motion to Dismiss with Brief in Support (Dkt. # 8) is **granted in part** and **denied in part**, and Defendant Ray Driskell's Motion to Dismiss with Brief in Support (Dkt. # 9) is **granted**. Plaintiff's Title VII and intentional infliction of emotional distress claims are dismissed, but plaintiff may file an amended complaint realleging a Title VII claim against the City only no later than **November 7, 2014**. Plaintiff may include demands for back pay, front pay, and punitive damages in her amended complaint.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to terminate Rat Driskell as a party.

**DATED** this 3rd day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE